**Isidoro MEZA, Appellant,**

v.

**Abel RAMIREZ, Appellee.**

**No. 4134.**

Court of Civil Appeals of Texas.

Eastland.

March 24, 1967.

Rey & Rey, Joseph J. Rey, El Paso, for appellant.

A. C. Gonzalez, Jr., and Robert L. Millard, Collins, Langford, Pine & Woodard, Glenn E. Woodard, John P. Foxworth, Ass't County Atty., El Paso, for appellee.

GRISSOM, Chief Justice.

Isidoro Meza obtained a judgment against Abel Ramirez. Meza caused the Sheriff to levy a writ of execution upon a building which was later determined to be the business homestead of Ramirez. The Sheriff sold said building for $4,550.00 to Manuel R. Flores, whereupon Ramirez obtained a temporary injunction restraining the Sheriff from completing the sale and executing a deed to Flores. Meza filed a motion to quash. Ramirez filed an amended petition bringing all of said parties into court and seeking an adjudication that the building levied on was his business homestead and exempt from a forced sale to satisfy Meza's debt. The Sheriff paid the $4,550.00 into the registry of the court and prayed that the court decree to whom it belonged. Apparently, Meza's motion to quash was not acted upon. Upon a trial to the court on the merits, the court held that the building upon which Meza caused the Sheriff to levy a writ of execution was the business homestead of Abel Ramirez and not subject to sale under execution for said judgment debt. It ordered the $4,550.00 returned to the would be purchaser, Flores. From this final judgment, Meza has appealed. His points of error are that the court erred in overruling his motion to quash because (1) Ramirez did not tender the purchase price to Flores, (2) Ramirez failed to implead necessary parties and (3) Ramirez failed to plead his homestead right.

Article 16, Section 49 of the Constitution of Texas, Vernon's Ann.St. provides that the homestead of a family shall be protected from forced sale for the payment of all debts, except for the

purchase money, taxes and improvements thereon. Meza's debt was not incurred for any of such exceptions. Said Article further provides that no other lien on the homestead shall ever be valid. Article 16, Section 50 of the Texas Constitution provides that a homestead in a city shall consist of lots not to exceed in value $5,000.00 at the time of their designation as the homestead, without reference to the value of improvements thereon, provided that it shall be used for a place to exercise the business of the head of a family and, further, that a temporary renting of the homestead shall not change its character. Appellant's points may not raise such questions, but the testimony in favor of Ramirez and in support of the judgment was unquestionably sufficient to authorize the court to find that the building levied upon was the business homestead of Abel Ramirez and wife and to show compliance with all requisites of our Constitution to exempt it from a forced sale to satisfy Meza's debt. Sale of Ramirez' homestead was not consummated, but the attempted sale was void. 28 Tex.Jur.2d, Section 157, page 572; 25 Tex.Jur.2d, Section 40, page 39.

Considering appellant's specific points, point one presents the contention that the court erred in overruling his motion to quash because Ramirez did not tender to Flores the purchase price. It might be questioned whether Meza has any justiciable interest in protecting the right of Flores to recover his purchase money. In any event, the money he paid the Sheriff was deposited in the registry of the court and then returned to him. Appellant's second point is that the court erred in overruling said motion because Ramirez failed to bring in necessary parties. The judgment debtor, the judgment creditor, the Sheriff and the would be purchaser at the execution sale were all the parties necessary to rendition of a final judgment and they were parties to the suit upon the trial on the merits when a final judgment was rendered. Appellant's third point is that the court erred in overruling his mo-

tion because Ramirez failed to plead his homestead right. Ramirez specifically pleaded that the property levied upon was his business homestead and facts supporting that conclusion. He alleged that the purported sale was void. He prayed that he have judgment for the title to and possession of his alleged business homestead and that the $4,550.00 be returned to Flores. Such was the effect of the judgment rendered. All points have been carefully considered. They are overruled. The judgment is affirmed.